UNITED STATES of America,
Plaintiff–Appellee,

v.

Shanell WILLOUGHBY; Rodney
Edward Wall, a/k/a Big Rodney,
Defendants–Appellants.

United States of America,
Plaintiff–Appellee,

v.

John Barry McLendon, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Walter Haywood Willoughby, a/k/a Big
Walt, Defendant–Appellant.

Nos. 00–4105, 00–4455, 00–4539.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 28, 2002.

Decided April 29, 2002.

Decision on Rehearing July 30, 2002.

**ARGUED:** Jeffrey B. Welty, Poyner & Spruill, L.L.P., Raleigh, North Carolina, for Appellant Walter Willoughby; Edward Anthony Fiorella, Jr., Harkey, Lambeth, Nystrom, Fiorella & Morrison, L.L.P., Charlotte, North Carolina, for Appellant McLendon; James Ernest Gronquist, Charlotte, North Carolina, for Appellant Wall; Charles Linwood Morgan, Jr., Charlotte, North Carolina, for Appellant Shanell Willoughby. Douglas Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee. **ON**

**BRIEF:** E. Fitzgerald Parnell, III, Poyner & Spruill, L.L.P., Charlotte, North Carolina, for Appellant Walter Willoughby. Robert J. Conrad, Jr., United States Attorney, Charlotte, North Carolina, for Appellee.

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

Prior panel opinion modified and district court judgment affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Shanell Willoughby, Rodney Edward Wall, John Barry McLendon, and Walter Haywood Willoughby were each indicted for and convicted of drug offenses. They appealed their convictions and sentences and we vacated and remanded in part and affirmed in part, by unpublished per curiam opinion. We now grant appellants' petition for panel rehearing and, dispensing with briefing and oral argument, modify our prior opinion, in light of the United States Supreme Court decision in *United States v. Cotton*, —— U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), so as to affirm the sentences that we previously vacated.

Under the standard of "plain error" appellate review set forth by the Supreme Court in *Cotton*, we are required to affirm the district court's original sentence where, as here, there is "overwhelming" and "essentially uncontroverted," *Cotton*, —— U.S. at ——, 122 S.Ct. at 1786, evidence of the defendants' participation in a drug conspiracy involving at least as great a drug quantity as is required to support the relevant § 841(b)(1) sentence maximum. The district court sentenced Wall and McLendon to a life sentence and to 27 years, respectively. Neither of these sen-

tences exceeds the statutory maximum, life in prison, authorized by § 841(b)(1)(A), which requires the government to prove a violation of § 841(a)(1) involving more than 50 grams of cocaine base. Because there was overwhelming and essentially uncontroverted evidence that both appellants Wall and McLendon participated in drug conspiracies involving at least 50 grams of cocaine base, and because neither's sentence exceeds the maximum allowable under § 841(b)(1)(A), we affirm their original sentences.

We leave our prior panel opinion intact in all other respects, including with regard to the sentences of appellants Walter Willougby and Shanell Willoughby, with regard to appellants' contentions that no instructions were given to the jury on section 860 and that the jury returned no verdict on that section, and with regard to appellants' remaining claims.

*It is so ordered.*